**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OSCAR LANZA-DOMINGUEZ,

    Petitioner,

                                Case No. 26-cv-2411-MIS-KRS

    v.

MARY DE ANDA-YBARRA, El Paso Field
Office Acting Director, Enforcement and
Removal Operations; ATTORNEY
GENERAL OF THE UNITED STATES;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; DAVID
VENTURELLA, Acting Director of
Immigration and Customs Enforcement; and
WARDEN, Torrance County Detention
Facility,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Oscar Lanza-Dominguez Petition for a

Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, docketed on July 24,

2026. The federal Respondents filed a Response on August 6, 2026 ("Response").[1] ECF No. 7.

Upon review of the Parties' submissions, the record, and the relevant law, the Court will

**GRANT** the Petition.

### I.    Background

Although the Parties' submissions do not provide extensive detail, it is clear that

Petitioner is a citizen of Honduras who entered the United States some years ago, at the age of

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

10, without admission or parole. See Pet. ECF No. 1 at 5; Resp. ECF No. 7 at 1. On August 19, 2025, Respondents took petitioner into immigration custody, where he has remained ever since. Pet. at 3. He is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Pet. at 1. After detaining him, Respondents did not provide Petitioner with a bond hearing. Pet. at 4. An Immigration Judge ordered Petitioner's removal on July 14, 2026. Resp. at 1. On July 24, 2026, the Court received and docketed the instant Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 7.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues both that his detention without a bond hearing and the excessively prolonged detention—now just shy of 12 months—are violations of his Fifth Amendment due process rights. Pet. at 3-4. He seeks immediate release. Id. at 10.

Respondents argue that Petitioner attempts to raise a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which they assert is premature. Resp. at 3. Respondents therefore argue that the Court is without jurisdiction. Id.

The Court finds that Petitioner is entitled to habeas relief for two reasons. First, Petitioner's detention is illegal because he has not received a constitutionally adequate bond hearing. Santillan Quiroz, 180 F.4th 1233, 1237 (10th Cir. 2026). In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case: Petitioner entered the United States as a ten-year-old child and was arrested many years later, on August 19, 2025. Pet. at 3, 5. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without an adequate bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Santillan Quiroz, 180 F.4th at 1237, 1250.

Second, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over twelve months, with no reasonably foreseeable end in

sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and

---

[2]    Respondents represent that as of August 6, 2024, Petitioner had not filed an appeal of the removal order, though the time to do so had not lapsed. Resp. at 1. If Petitioner does appeal, such an appeal "to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal shall be accomplished in the reasonably foreseeable future.

"dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Oscar Lanza-Dominguez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.      Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.      Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE